IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

KYLE RICHARD ECKARDT,                )
                                     )
        Petitioner,                  )
                                     )
                                     )    CIV-13-602-D
v.                                   )
                                     )
JUSTIN JONES, Director,              )
                                     )
        Respondent.                  )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se* and *in forma pauperis*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Murder in the First Degree entered against him in the District Court of Oklahoma County, Case No. CF-2009-4536. Respondent has moved to dismiss the action on the ground that it is time-barred. Petitioner has responded to the Motion to Dismiss. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed as time-barred.

The relevant facts of the Petitioner's plea proceeding and resulting conviction and sentence are not controverted. However, neither party has provided much in terms of the history of Petitioner's criminal case. Briefly, Petitioner was charged in 2009 in the District Court of Oklahoma County, Oklahoma, for the murder of a young mother who had been

1

abducted on April 23, 1986, outside of an Oklahoma City shopping mall. According to local news reports at the time of the plea, Petitioner was linked to the homicide by DNA evidence found in the victim's abandoned car, and Petitioner's DNA had been obtained when he was imprisoned in 2008 for his conviction for assaulting another woman who died following the assault.[1]

On September 16, 2011, Petitioner appeared in court with his attorney and entered a plea pursuant to North Carolina v. Alford, 400 U.S. 25 (1970).[2] Brief in Support of Motion (Doc. # 11), Ex. 1. The written Summary of Facts completed at the time of the plea shows that Petitioner was 46 years old, he was in custody, he had a high school equivalency degree, and he had not recently been treated for a mental illness. Id. In exchange for Petitioner's plea, the prosecution dismissed the count charging Petitioner with having murdered the victim with malice aforethought and dismissed the previously-filed Bill of Particulars, which in Oklahoma is required to pursue the death penalty against a defendant. Id. See Okla. Stat. tit. 21, § 701.10(C).

Petitioner affirmed during the hearing that he was charged with Murder in the First Degree (felony murder) and that he understood the range of punishment for the offense was

---

[1] http://newsok.com/in-a-1986-oklahoma-city-cold-case-former-drifter-sentenced-to-life-in-prison-without-the-possibility-of-parole/article/3604697.

[2] A plea under Alford is "denominated as a guilty plea but accompanied by protestations of innocence." United States v. Buonocore, 416 F.3d 1124, 1128 n. 2 (10th Cir. 2005). See Alford, 400 U.S. at 37 ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.").

"life" imprisonment to "death." Brief in Support of Motion to Dismiss (Doc. # 11), Ex. 1. Petitioner affirmed that he understood the rights he was waiving by entering the plea, and further affirmed that he wished to give up those rights and enter his plea pursuant to the Alford decision. Id. Petitioner also affirmed his understanding that the prosecution would recommend a sentence of "life without the possibility of parole" in exchange for his plea. Id.

As the factual basis for the plea, Petitioner stated:

> I do not admit the acts charged in the criminal information. But have reviewed and went over with my attorney the evidence the State has against me. I do not want to risk going to jury trial based on the States [sic] evidence and risk the death penalty. I have fully consulted with my attorney about this and plea [sic] pursuant to Alford.

Id.

Petitioner affirmed that he was entering the plea of his own free will and without any coercion or compulsion of any kind and that he had no additional statements to make to the court and knew of no legal reason why he could not be sentenced at that time. Id. Petitioner affirmed that he read, understood, and completed the Summary of Facts form and that all of the answers to the questions in the Summary of Facts form were his answers and were true and correct. Id.

As an offer of proof, the prosecutor stated in the Summary of Facts that:

> On April 23, 1986, Kyle Eckardt along with Steven Boerner abducted [the victim] from the Shepherd Mall parking lot in Oklahoma City, Oklahoma County, OK. Kyle Eckardt [and] S. Boerner forced [the victim] into her vehicle and took her out of Oklahoma City. During the course of the kidnapping, Kyle Eckardt [and] Steven Boerner killed [the victim]. Further, the

3

> State incorporates the testimony of the Preliminary Hearing conducted April 23, 2010 into this offer of proof.

Id.

The court accepted Petitioner's plea, found it was knowingly and voluntarily entered and that Petitioner was competent, and sentenced Petitioner consistent with the terms of the plea agreement. Petitioner was advised of his rights to appeal the plea, and Petitioner affirmed that he understood those rights. Id. A judgment and sentence was entered in the case on September 20, 2011, memorializing the conviction and sentence pronounced in open court four days earlier.

Petitioner did not seek to withdraw the plea or appeal the conviction and sentence. However, on February 5, 2013, Petitioner filed an application for post-conviction relief in the district court. In his application, Petitioner asserted that he had been denied a direct appeal through no fault of his own because of several reasons, all of which are set forth in the application:

> [I]mmediately after he was sentenced to LIFE WITHOUT PAROLE, Petitioner realized what had happened and that he had been coaxed into taking a plea deal even after he had told his attorney that he was INNOCENT of the charge and did NOT want to plead guilty to a crime he did NOT commit. Petitioner told his attorney that he wished to withdraw his plea immediately and appeal the case. Attorney Mitchell said "NO," patted Petitioner on the back and said "Good Luck," while walking out the door. . . . [I]mmediately after Petitioner was sentenced, he was put into segregation and was refused a pen or pencil so was prevented from writing the Court or his attorney to request that his plea be withdrawn or to file a direct appeal. . . . Then, after Petitioner was let out of seg [sic] after (30) days, he was placed in A.S. (Admin. Segregation) and all his outgoing

4

> legal mail went to his attorney, Mr. Mitchell, so his letter to [the court clerk] and Judge Truong concerning withdrawing his plea and appealing the case NEVER made it to them, through no fault of Petitioner. Next thing Petitioner knew, he was being shipped to the DOC . . . without hearing back anything on his requests . . . . Then, once Petitioner was shipped to [an Oklahoma prison] he sought assistance in his case and was referred to one of his old attorneys . . . out of Okc . . . . [The attorney] gave him some post-conviction forms but would not give him the assistance he needed to properly fill out the forms. Petitioner also sought assistance from several prison law clerks but was unable to obtain help because they all wanted to charge him and he had NO funds to pay them. Then, Petitioner was shipped to CCF in Cushing, OK., and was referred to a law clerk there who recently agreed to help him free of charge and he is finally able to prepare and file his post-conviction application for an out-of-time appeal.

Id., Ex. 3.

The district court denied the application, and on appeal the Oklahoma Court of Criminal Appeals ("OCCA") affirmed. Id., Exs. 4, 5. The OCCA found that Petitioner's trial counsel stated in an affidavit that Petitioner had never conveyed any interest in withdrawing his plea, verbally or in writing, and that an Oklahoma County Sheriff's Department official stated in an affidavit that Petitioner did have access to writing utensils and the mail system during the relevant time period following his plea. Id., Ex. 5. The court found that Petitioner had not established he had been denied an appeal through no fault of his own, and therefore the court denied his application to appeal out of time.

In the instant Petition, Petitioner asserts in ground one that "both the district court [and] the OCCA abused its discretion and/or errored [sic] in denying Petitioner an appeal out-of-time, as a matter of due process of law." Petition, at 6. In connection with this claim,

5

Petitioner repeats the assertions made in his post-conviction application of the circumstances which he asserts prevented him from filing an appeal. He has attached to the Petition an affidavit dated December 20, 2012, in which he avers that his defense attorney refused to file an appeal after Petitioner requested he do so, that he had no access to writing utensils after his plea, that following his plea all of his "legal mail" went to his attorney, and that after he was transferred to the custody of the Oklahoma Department of Corrections ("ODOC") he "was unable to receive the assistance I needed from the contract attorneys or any law clerks I talked to because they all wanted the money I didn't have." Petition, att. 1 ("Sworn Affidavit"), at 1-2. Respondent contends that this habeas action should be dismissed because review of the Petition is barred by 28 U.S.C. § 2244(d)(1). Petitioner responds that the § 2244(d)(1) statute of limitations is not applicable to him and, alternatively, that the limitations period should be equitably and statutorily tolled, apparently until he received the assistance of a prison law clerk on an unspecified date.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, imposes a one-year statute of limitation with respect to the filing of a 28 U.S.C. § 2254 petition by a state prisoner. 28 U.S.C. §2244(d)(1). As an Oklahoma prisoner seeking federal habeas relief, Petitioner's habeas Petition is governed by the AEDPA's amendments. See Lindh v. Murphy, 521 U.S. 320, 336 (1997)(AEDPA's amendments apply to habeas petitions filed after the AEDPA's effective date of April 24, 1996). Accord, Williams v. Taylor, 529 U.S. 420, 429 (2000)("Petitioner filed his federal habeas petition after AEDPA's effective date, so the statute applies to his case.").

Under 28 U.S.C. § 2244(d)(1)(A), the one-year limitations period generally begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a motion to withdraw the plea or timely seek to appeal the plea-based conviction, the conviction became "final" under 28 U.S.C. §2244(d)(1)(A) on September 26, 2011, ten days after the pronouncement of the judgment and sentence. See Okla. Stat. tit. 22, §1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, ch. 18, App.

The one-year limitations period for filing a federal habeas petition challenging these convictions began on September 27, 2011, and expired one year later, on September 27, 2012. Petitioner did not file his Petition until June 10, 2013, and review of the Petition is barred by operation of 28 U.S.C. § 2244(d)(1), absent the application of statutory or equitable tolling exceptions.

A properly-filed post-conviction application filed during the limitations period may statutorily toll the § 2244(d)(1) limitations period. 28 U.S.C. § 2244(d)(2). Petitioner's post-conviction application, however, did not toll the limitations period because it was filed on February 5, 2013, after the limitations period expired. See Fisher v. Gibson, 262 F.3d 1135, 1142-1143 (10th Cir. 2001).

The 28 U.S.C. § 2244(d)(1) limitations period "is subject to equitable tolling in appropriate cases." Holland v. Florida, __ U.S. __, 130 S.Ct. 2549, 2560 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

7

in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Extraordinary circumstances that warrant equitable tolling of the limitations period may include "a constitutional violation [that] has resulted in the conviction of one who is actually innocent or incompetent." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling may also be appropriate, for instance, "when an adversary's conduct - - or other uncontrollable circumstances - - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner first contends that the AEDPA's statute of limitations is unconstitutional. This claim is without merit. See, e.g., Rhines v. Weber, 544 U.S. 269, 276 (2005)("AEDPA's 1-year limitations period quite plainly serves the well-recognized interest in the finality of state court judgments.")(internal quotations omitted).                    .

Petitioner next contends that he is entitled to equitable tolling because his attorney abandoned him following his plea and he was unable to pursue his federal claims because of obstructions placed on him by, first, jail officials, and later, a lawyer, and still later, his inability to pay for inmate law clerk or contract attorney assistance.

The habeas petitioner must "show specific facts to support his claim of extraordinary circumstances and due diligence." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008)(internal quotations omitted). See Miller, 141 F.3d at 978 (dismissing petitioner's equitable-tolling argument because he "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). As the court observed

in Yang, "[w]e do not doubt Yang's need for assistance in understanding the legal process. But such is common for the majority of *pro se* prisoners, whether or not they have English deficits." See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)(ignorance of the law is not extraordinary); Miller v. Marr, 141 F.3d 976 (10th Cir. 1998)(lack of legal assistance not extraordinary).

Petitioner asserts that he was "put into segregation [and] refused a pen or pencil" immediately after his sentencing. Petition, at 7. He alleges this is "common practice in the Oklahoma County Jail," id., although the undersigned who has been in this position for many years has never encountered a similar allegation. Petitioner provides no facts sufficient to show extraordinary circumstances with these bald allegations.

Nevertheless, even assuming the truth of this allegation, it does not provide specific facts of extraordinary circumstances warranting the equitable tolling of his conviction beyond the period of time he alleges he was in the segregation unit of the jail, thirty days. If, as a result of equitable tolling for that thirty-day period, the one-year limitations period began on October 27, 2011, the Petition would still be time-barred as the limitations period expired on October 27, 2012, well before the Petition was filed.

Petitioner next contends that he was "let out of segregation after (30) days [and] he was placed in A.S. (Administrative Segregation) and all of his out-going legal mail went to his attorney, Mr. Mitchell, as was told to him by the guards taking the mail." Petition, at 7. He alleges that his "letter" to the Court Clerk and the district judge "NEVER made it to them" as a result of this obstruction. He provides no copy or description of the letter, and he

9

does not assert when he attempted to mail the letter. Petitioner does not allege what, if any, steps he took to withdraw his plea once he learned all of his legal mail was being forwarded to his defense attorney, another allegation that the undersigned has never encountered in his many years as a United States Magistrate Judge. Petitioner provides no specific facts sufficient to show extraordinary circumstances warranting the application of equitable tolling to extend the limitations period with these bald allegations.

Petitioner next contends that once he was transferred to ODOC custody he obtained "some post-conviction forms" but received no assistance from a former attorney or from "several prison law clerks" who "all wanted to charge him [and] he had NO funds to pay them." Petition, at 7. Petitioner does not allege that he contracted with the former attorney to represent him in an attempt to appeal his conviction, and he provides no specific facts concerning his requests for assistance from prison law clerks.[3] Significantly, Petitioner does not assert any circumstances showing why he was unable to complete the post-conviction application he admittedly received from his attorney. He does not even allege when he was transferred to ODOC custody. Petitioner has not shown how the allegedly deficient inmate law clerks or contract attorneys constituted a state-created obstruction to his timely filing of a habeas petition. Petitioner's lack of legal knowledge is not sufficient to warrant equitable

---

[3]Even if Petitioner had contracted with an attorney for the purpose of pursuing his federal claims, "[h]abeas counsel's negligence is not generally a basis for equitable tolling because there is no constitutional right to an attorney in state post-conviction proceedings." Fleming v. Evans, 481 F.3d 1249, 1255 (10th Cir. 2007)(quotation and alteration omitted). "[S]ufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period." Id. at 1256. In Fleming, the attorney affirmatively misled his client into thinking that the attorney was preparing a habeas petition. Id. Petitioner makes no such allegation.

10

tolling. See Johnson v. Jones, 502 Fed.Appx. 807, 810 (10th Cir. 2012)(prisoner's allegation that he had difficulty obtaining assistance from law clerks or contract attorneys was insufficient to warrant equitable tolling). Petitioner provides no specific facts sufficient to show extraordinary circumstances warranting the application of equitable tolling to extend the limitations period with these bald allegations.

"A habeas petitioner is not entitled to equitable tolling simply because he alleges his constitutional rights were violated during his trial or sentencing." Winkler v. Zavaras, 415 Fed.Appx. 889, 889 (10th Cir. 2011)(unpublished op.)(citing Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)). The limitations period is not subject to equitable tolling merely because Petitioner has alleged he was denied effective assistance of counsel during or immediately following his plea proceeding.

A "sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." Lopez v. Trani, 628 F.3d 1228, 1230-1231 (10th Cir. 2010), cert. denied, __ U.S. __, 132 S.Ct. 307 (2011). The "actual innocence exception is rare and will only be applied in the extraordinary case." Id. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found [the prisoner] guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 536-537 (2006).

Petitioner has alleged he is actually innocent. However, the record of Petitioner's Alford plea contains more than sufficient evidence to show that the plea was entered

knowingly and voluntarily with a full understanding of its consequences. Petitioner has presented no new evidence showing it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Thus, this is not an extraordinary case in which the barrier imposed by the 28 U.S.C. § 2244(d)(1) limitations period is overcome by evidence of actual innocence.

Because the one-year limitations period expired prior to the filing of the instant Petition, the action should be dismissed as it is time-barred.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Respondent's Motion to Dismiss (Doc. # 10) be GRANTED and the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED as time-barred. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by ___August 7th___, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

ENTERED this ___18th___ day of ___July___, 2013.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE