# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KYLE RICHARD ECKARDT, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | NO. CIV-13-602-D |
| ) | |
| JUSTIN JONES, Director, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Petitioner, a state prisoner appearing *pro se* and *in forma pauperis*, brought this action for a writ of habeas corpus pursuant to 42 U.S.C. § 2254. Petitioner challenges his District Court of Oklahoma County conviction for first degree murder. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings. Respondent filed a motion to dismiss the action as time-barred, and Petitioner timely responded to the motion.

On July 18, 2013, the Magistrate Judge filed a Report and Recommendation [Doc. No. 14] in which he recommended that the petition be dismissed because the statute of limitations has expired, and there is no basis for tolling the limitations period. Because Petitioner timely objected to the Report and Recommendation, the matter is reviewed *de novo*.

The Report and Recommendation accurately sets out the history of Petitioner's criminal conviction and his subsequent filings in the state court system. He was convicted of first degree murder following his September 16, 2011 *Alford*[1] plea. During the hearing on his plea, Petitioner

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970). In *Alford*, the Court held that an individual "may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Alford*, 400 U.S. at 37. An *Alford* plea is "denominated as a guilty plea but accompanied by protestations of innocence." *United States v. Buonocore*, 416 F.3d 1124, 1128 n. 2 (10th Cir. 2005).

stated that, based on the evidence, he did not want a jury trial because of the risk that a sentence of death might be imposed. *See* Respondent's brief in support of motion, Ex. 1. The record reflects that the trial court accepted Petitioner's plea as knowingly and voluntarily entered, and Petitioner was sentenced to life imprisonment without possibility of parole. *See* Report and Recommendation at pages 2 through 4. Sentence was imposed on September 20, 2011. *Id.* at p.4.

The record also reflects that Petitioner did not seek to withdraw the plea, and he did not appeal the conviction and sentence. On February 5, 2013, he filed an application for post-conviction relief in the district court, arguing that he had been denied a direct appeal for various reasons. *See* Report and Recommendation at p. 4. His application was denied by the district court, and that denial was affirmed by the Oklahoma Court of Criminal Appeals. *Id.*

Petitioner filed this habeas action on June 10, 2013. In his petition, he reiterates the arguments presented in his post-conviction relief application.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for the filing of a 28 U. S. C. § 2254 habeas petition by a state prisoner. 28 U. S. C. § 2244(d)(1). Under the AEDPA, the one-year limitations period generally begins to run from the date "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U. S. C. § 2244(d)(1)(A). Because Petitioner did not file a motion to withdraw his plea or timely appeal his conviction, the conviction became final for AEDPA purposes on September 26, 2011, ten days after the judgment was entered and sentence imposed. 28 U. S. C. § 2244(d)(1)(A); Okla. Stat. tit. 22, § 1051; Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals. Thus, the one-year limitations period for Petitioner's filing of a federal habeas action began on September 27, 2011 and expired one year later, or September

2

27, 2012. Because Petitioner did not file this action until June 10, 2013, the action is barred unless there is a statutory or equitable basis for tolling the statute of limitations.

The Magistrate Judge correctly determined that there is no statutory basis for tolling the limitations period in this case. A properly filed post-conviction relief application filed prior to the expiration of the statute of limitations may toll the §2241(d)(1) limitations period. Here, however, Petitioner did not file his post-conviction relief application until February 5, 2013, and the statute of limitations expired prior to that date. Accordingly, the limitations period is not tolled on that basis. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

Petitioner argues, however, that he is entitled to equitable tolling of the statute of limitations. Although the limitations period may be equitably tolled, a litigant seeking such relief "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Extraordinary circumstances may include a constitutional violation that resulted in "the conviction of one who is actually innocent or incompetent." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). It may also apply where "uncontrollable circumstances" prevent an inmate from timely filing or where he files a defective pleading within the limitations period. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

In this case Petitioner contends he is entitled to equitable tolling because the AEDPA is unconstitutional and because numerous obstructions prevented him from pursuing his habeas claim. The Magistrate Judge discussed each of Petitioner's arguments in detail, and found that, under the facts and the governing law, he has not presented a proper basis for equitable tolling. The Court

agrees with that conclusion, and adopts the discussion in the Report and Recommendation at pages 8 through 12.

The Court finds that the Magistrate Judge correctly concluded that this action must be dismissed as time-barred. Petitioner's objections to the Report and Recommendation do not present argument or authority sufficient to alter that conclusion. Accordingly, the Report and Recommendation [Doc. No. 14] is adopted as though fully set forth herein. This action is dismissed because the statute of limitations has expired.

IT IS SO ORDERED this 13th day of August, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE